UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Alan Edward Shorter,**

                                      **Plaintiff,**

                                   **-v-**                                **5:12-CV-1502 (NAM/ATB)**

**Commissioner of Social Security.**

                                    **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Meggesto, Crossett & Valerino, LLP
Kimberly A. Slimbaugh, Esq., of counsel
313 East Willow Street
Suite 201
Syracuse, New York 13203
Attorney for Plaintiff

Hon. Richard S. Hartunian, United States Attorney
Benil Abraham, Esq., of counsel
Social Security Administration
Office of Regional General Counsel, Region II
26 Federal Plaza
New York, New York 10278

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff's application for Social Security disability insurance benefits was initially denied on October 1, 2009. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff testified, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform sedentary work with specific limitations, and determined that plaintiff was "not disabled." In reaching this determination, the ALJ partially rejected plaintiff's treating physician's determination that plaintiff's RFC limited him to less than sedentary work.

The Appeals Council denied plaintiff's request for review; thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").

Plaintiff sought judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Andrew T. Baxter issued a Report and Recommendation (Dkt. No. 13) recommending that the Commissioner's decision be affirmed and the complaint dismissed. In making this recommendation, Magistrate Judge Baxter thoroughly analyzed the record in light of applicable law; found that the ALJ properly considered all of plaintiff's relevant limitations in reaching the RFC determination; and concluded that the decision was supported by substantial evidence.

Plaintiff objects, arguing that the ALJ's partial rejection of the treating physician's RFC was not supported by substantial evidence and that the ALJ did not properly assess plaintiff's credibility regarding his limitations. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.

The Social Security Act provides for judicial review in district court of any final decision of the Commissioner. *See* 42 U.S.C. § 405(g). Upon such review, district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The district court "may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). The Commissioner's findings as to any fact, "if supported by

substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw*, 221 F.3d at 131 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Court adopts Magistrate Judge Baxter's summary of the record and his discussion of the applicable law. The Report and Recommendation discussed in detail the two issues upon which plaintiff bases his objection. Upon *de novo* review of the matters raised in the objection, the Court adopts Magistrate Judge Baxter's analysis of these issues and touches on them only briefly here.

Plaintiff's first contention before this Court is that the ALJ's partial rejection of the RFC of plaintiff's treating physician, Richard Zogby, was not supported by substantial evidence. In this respect, plaintiff relies on the "treating physician rule." According to this rule, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (citations and quotation marks omitted). "Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, ... the opinion of the treating physician is not afforded controlling weight where ... the treating physician issued opinions that are not consistent with other substantial evidence in the record[.]" *Halloran v. Barnhart*, 362 F.3d 28, 32 (2004). Where the ALJ finds that a treating physician's opinion is not deserving of controlling weight, the ALJ may still give it "extra weight" after considering specific factors. *See* C.F.R. § 404.1527(d)(l)-(6); *Shaw*, 221 F.3d at 134. Here, the ALJ gave "some weight" to Dr. Zogby's

-3-

RFC. On an in-depth review of the record, Magistrate Judge Baxter found substantial evidence in the record that is inconsistent with Dr. Zogby's restrictive RFC and that supports the ALJ's partial rejection of Dr. Zogby's RFC. Upon *de novo* review of the record in light of plaintiff's objection on this issue, the Court finds that substantial evidence supports the ALJ's determination. The Court accepts the Report and Recommendation on this issue.

Plaintiff's second contention in his objection to the Report and Recommendation is that the ALJ did not properly assess plaintiff's credibility. The Report and Recommendation sets forth the applicable law in this regard. Upon analyzing the ALJ's decision in light of the applicable law, Magistrate Judge Baxter found "that the ALJ correctly applied the proper legal standards in assessing plaintiff's credibility and adequately specified the reasons for discrediting plaintiff's statements," and that his "credibility determination is supported by substantial evidence." After conducting *de novo* review of the matters raised in the objection to the Report and Recommendation, the Court agrees with the Report and Recommendation.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 13) is accepted and adopted in all respects; and it is further

ORDERED that the Commissioner's determination is affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

Date: March 27, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge